IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MALISSA ANN TEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:09-CV-00799-CSC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I. Introduction.**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...
>
> To make this determination[3] the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of

---

[2]Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

"not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction.**  The plaintiff was 54 years old at the time of the hearing before

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

the ALJ and has a 12th education.  The plaintiff's prior work experience includes work as a police dispatcher, a microfilmer, a laborer and a child care worker.  Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of obesity, coronary artery disease, fibromyalgia, peripheral neuropathy, migraine headaches and osteoarthritis.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform her prior relevant sedentary, semi-skilled work as a police dispatcher.

**B. The Plaintiff's Claims.**  The plaintiff contends that the final decision denying Social Security benefits is wrong because:

1.    The ALJ failed to properly evaluate Tew's depression.

2.    The ALJ failed to properly evaluate the opinions of Drs. Hinton, Jacobs and Easley.

3.    New and material evidence submitted to the Appeals Council warrants remand.

**IV.  Discussion**

**A.1.   Depression.**  The ALJ found Tew's depression to be a non-severe impairment. (R. 222)  Tew contends this conclusion is incorrect because her depression significantly impacts her ability to do work as determined by Dr. Jacobs who evaluated Tew in 2005. (R. 263) At that time Dr. Jacobs did indeed note that Tew had difficulty performing reverse serial sevens, (R. 264) and short term memory. (R. 265) Tew's

argument about depression fails, however. In 1998, Tew had a vocational evaluation. (R. 437 - 444) That report noted similar limitations but nonetheless concluded Tew could perform work. The record simply does not contain any evidence that Tew's depression which is treated only with medication supplied by her regular physician has any significant impact on her ability to do work. Dr. Jacobs assessed Tew as having mild depression. More importantly, he correlated her memory and cognitive limitations with her intelligence, not her depression. (R. 265) The ALJ did not err; substantial evidence supports his conclusion that Tew's depression is not severe.

**A.2.   Mental Impairments.**  As part of her argument concerning depression, Tew further argues that the ALJ failed to properly evaluate her mental impairments when considering her residual functional capacity. Tew is correct.

As previously noted, Dr. Jacobs noted Tew's difficulty with memory and concentration. The Commissioner argues that the failure of the ALJ to include these limitations in his residual functional capacity determination was not error.

> Plaintiff argues that the RFCs should include these limitations because Dr. Jacobs observed that Plaintiff demonstrated poor short term memory and the ALJ gave Dr. Jacobs's opinion significant weight. While the ALJ considers all record evidence in determining RFC, including examination notes, the ALJ only weighs medical opinions. See 20 C.F.R. §§ 404.1527, 404.1545(a)(1). Plaintiff's argument is baseless because Dr. Jacobs did not opine that Plaintiff had functional limitations with her memory. Dr. Jacobs did not impose any functional limitations on Plaintiff's memory, let alone any functional limitations. Thus the ALJ did not err by not including limitations with memory in his RFC.

(Pl's Br. at 6)

In *Winschel v. Commissioner of Social Sec.*, --- F.3d ----, 2011 WL 198372 (January 24, 2011), the Eleventh Circuit addressed and rejected the argument that limitations identified at steps two and three in the Psychiatric Review Technique are not considered in the other steps of the process.

> Other circuits have also rejected the argument that an ALJ generally accounts for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work. . . . But when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. . . . Additionally, other circuits have held that hypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 288 (6th Cir.2009) (concluding that the ALJ's reference to a moderate limitation in maintaining "attention and concentration" sufficiently represented the claimant's limitations in concentration, persistence, and pace); *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir.2002) (concluding that the hypothetical question adequately incorporated the claimant's limitations in concentration, persistence, and pace when the ALJ instructed the vocational expert to credit fully medical testimony related to those limitations).

*Winschel* at ----, *3 (Some citations omitted).

In the instant case, the ALJ found that Tew could return to her former job as a police dispatcher, a semi-skilled job. In reaching that conclusion, he did not consider her cognitive impairments, only her functional impairments. In effect, the Commissioner argues it is permissible for an ALJ at step 4 of the sequential analysis to ignore mental impairments identified in previous steps. *Winschel* deals with this problem at step 5 of the sequential analysis, but its rationale is equally applicable to step 4. The ALJ notes

that the job of police dispatcher "requires frequent reaching, handling, fingering, talking, and hearing, an occasional near acuity. All of these requirements are within her residual functional capacity." (R. 28) Regardless of Tew's performance of this job in the past, the question which must be answered is whether she can do this job in light of *all* of her impairments, functional and mental. The ALJ did not answer this question, and a remand is therefore necessary.

      **B.**      **Physicians' Opinions.**  The court's conclusion about the ALJ's failure to consider Tew's mental limitations in his residual functional capacity determination is further bolstered by his failure to consider limitations identified by Dr. Hinton.[5] The court has already discussed how the ALJ treated Dr. Jacob's opinion. Dr. Hinton is a state agency official who completed a Psychiatric Review Technique Form based on his review of Tew's medical records. Hinton found Tew moderately limited in her ability to understand and remember detailed instructions, carry out detailed instructions and maintain attention and concentration for extended periods. (R. 267) He also found Tew was moderately limited in her ability to interact appropriately with the general public and respond appropriately to changes in the work setting. (R. 268) These limitations were not included by the ALJ in his determination of Tew's residual functional capacity. Because the ALJ concluded that Tew could return to her prior semi-skilled work, the court cannot conclude that these limitation are implicitly included in or accounted for. *Winschel,*

---

[5] The Commissioner correctly observes that Easely is not a physician. Therefore, the court will not further discuss the argument related to Easely.

*supra*, at ----, *3.

  **C.** **New and Material Evidence.**  Tew submitted to the Appeals Council new information from her cardiologist.  The court pretermits discussion of this issue.  Since this case must be remanded, the ALJ should have the first opportunity to consider this evidence.

### V. Conclusion

  For the foregoing reasons, this case will be remanded to the Commissioner for further proceedings consistent with this opinion.  A separate order will be entered.

  Done this 25th day of February, 2011.

           /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE