IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MALISSA ANN TEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:09cv799-CSC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

On May 11, 2011, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  (Doc. # 20).  The Commissioner objects to an award of fees because his "position – although ultimately unsuccessful – was substantially justified, that is reasonable in law and fact."  (Def's Res., doc. # 24 at 1).

Tew applied for and was denied disability insurance and supplemental security income benefits by the Commissioner.  After her application was denied, she sought judicial review in this court. On February 25, 2011, the court concluded that the ALJ erred and remanded the case for further proceedings.

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner.  *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796

(2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact. The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The responsibility for assessing a claimant's residual functional capacity ("RFC") belongs to the ALJ at the administrative law judge hearing level. 20 C.F.R. § 404.1546(c). The Commissioner's own regulations require that the ALJ determine a person's RFC "based on *all* the relevant evidence in . . . [the] case record" including the medical evidence. *See* 20 C.F.R. § 404.1545(a) and (c) (emphasis added). The court concluded that the ALJ, in making the residual functional capacity determination, did not properly consider *all* of the medical evidence before him because he did not consider Tew's mental impairments. The court further found that the ALJ also failed to consider the mental limitations identified for two physicians. The limitations identified by Dr. Jacob and Dr. Hinton were not included in the ALJ's determination of Tew's residual functional capacity. (Doc. # 18 at 7). Because the ALJ failed to comply with the legal requirement that he properly consider all evidence in the record when determining the plaintiff's RFC, he committed legal error requiring a remand for further proceedings. Thus, the Commissioner's position in this litigation did not have a reasonable basis in law. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because his position was "reasonable in both law and fact." (Def's Res., doc. # 24, at 3). The defendant's arguments however merely rehash his positions in support of the ALJ's determination and completely miss

the mark. The court remanded the case because the ALJ failed in *his* duty to properly consider all the medical evidence in the record when determining the plaintiff's residual functional capacity. While the ALJ considered the plaintiff's depression caused *mild* limitations, the ALJ failed to consider limitations caused by Tew's *other mental* limitations. Consequently, because the ALJ failed to comply with the legal requirements that he consider all the medical evidence, the Commissioner's position was not reasonable in law and was not substantially justified. The plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $4,949.04.[1] (Doc. #20). The Commissioner does not challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 18) be and is hereby GRANTED, that the plaintiff be and is hereby AWARDED fees in the amount of $4,949.04[2] and that the check for the amount of attorney's fees be mailed to counsel for the plaintiff.

Done this 30th day of August 2011.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Plaintiff's counsel seeks an additional award of attorney's fees, *see* Pl's Reply, doc. # 29, that request is not properly before the court.

[2] 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party. *See* 28 U.S.C. § (d)(2)(B). On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney."). Thus, fees are awarded directly to the plaintiff.